IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LEON HILLMAN,**

      **Plaintiff,**

  v.                          Civil Action 2:18-cv-154
                               Judge George C. Smith
                               Magistrate Judge Jolson

**STATE OF OHIO,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, seeks to initiate this action without prepayment of fees or costs. (Doc. 1). The Prison Litigation Reform Act ("PLRA") prohibits the grant of leave to proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (also known as the "3-Strikes Provision"). Plaintiff has, on at least 3 occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted. *Hillman v. Simms*, 2:09-cv-810 (S.D. Ohio Dec. 3, 2009); *Hillman v. Simms, et al.*, 2:08-cv-717 (S.D. Ohio Mar. 11, 2009); *Muff, et al. v. Mack*, 2:08-cv-1027 (S.D. Ohio Jan. 29, 2009). The 3-Strikes Provision of the PLRA therefore prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury."

The Court has reviewed the proposed complaint and determined that none of Plaintiff's claims suggest that he "is under imminent danger of serious physical injury" sufficient to overcome the bar established by § 1915(g). Consequently, it is **RECOMMENDED** that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days.

### **Procedure on Objections**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues

of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    IT IS SO ORDERED.

Date: February 23, 2018                                                 /s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                       UNITED STATES MAGISTRATE JUDGE